UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Alindrea Lashae Shelton                                          Chapter 13
                                                                          Case No. ___
Debtor.

# Chapter 13 Plan

Address:        Debtor   6280 Lake View Trail # 204, Memphis, TN 38115

Plan Payment:

Debtor Shall Pay: $ 20.00   Weekly
    Or by: ( X )Payroll Deduction   Imperial Security, 2755 Poplar Ave., Memphis, TN 38105

1. This Plan [Rule 3015.1 Notice]:

   (A) Contains a Non-standard Provision [See provision 19].                           (X) Yes   ( ) No

   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim   (X) Yes   ( ) No
       [See provisions 7 and 8].

   (C) Avoids a Security Interest or Lien. [See provision 12].                          ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:    ( ) Included in Plan     Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By:  ( ) Debtor Directly  ( ) Wage Assignment    ( ) Trustee To:         Monthly Pmt.
   _____ ongoing payment begins _____        _____

5. Priority Claims:                                                                              Monthly Pmt.
                                              Amount
   _____ _____        _____

6. Home Mortgage Claims:     ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:             Monthly Pmt.
   _____ ongoing payment begins _____        _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:    Collateral Value    Interest Rate    Monthly Pmnt.
   _____    _____    _____    _____

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
|  |  |  |  |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

| Collateral |  |
|---|---|
|  |  |

10. Special Class Unsecured Claims:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Arbors at Hickory Hill (rent through 07/31/2019) | $ 1,628.00 | 0.00% | $27.00 |

11. Student Loan Claims and Other Long Term Claims:
    ( ) Not Provided For    ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is: ( ) _____;
    Or (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:
    Arbors at Hickory Hill                              X  Assume    ( ) Reject

17. Completion:   Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy TN Bar #011908         Date   July 10, 2019
    Debtor's Attorney's Signature

July 10, 2019

910 > January 11, 2017